**YUAN XI DING, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–72977.

Agency No. A95–589–230.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 5, 2005.*

Decided Dec. 12, 2005.

Jisheng Li, Esq., Law Office of Jisheng Li, Honolulu, HI, for Petitioner.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., Susan K. Houser, Esq., DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, H. Lane, Southern District of Mississippi, Jackson, MS, for Respondent.

Before GOODWIN, W. FLETCHER, and FISHER, Circuit Judges.

MEMORANDUM **

Yuan Xi Ding, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an Immigration Judge's ("IJ") denial of his applications for asylum and withholding of removal and for relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review adverse credibility findings for substantial evidence, *Chebchoub v. INS,* 257 F.3d 1038, 1042 (9th Cir.2001), and we deny the petition.

Substantial evidence supports the IJ's adverse credibility finding based on inconsistencies between petitioner's application and testimony regarding whether officials ordered petitioner or his wife to appear for sterilization in March of 2001, and whether petitioner subsequently went into hiding, and the failure to provide easily available corroborating evidence. *See id.* at 1043–45; *see also Sidhu v. INS,* 220 F.3d 1085,

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1092 (9th Cir.2000) (stating that if the IJ has a reason to question the alien's credibility, and the alien fails to produce easily available corroborating evidence, then the adverse credibility finding will withstand appellate review).

Because petitioner failed to demonstrate that he is eligible for asylum, it follows that he did not satisfy the more stringent standard for withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

Petitioner failed to raise his CAT claim in his opening brief, and therefore waived this claim. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259–60 (9th Cir.1996).

PETITION FOR REVIEW DENIED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.